UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL L. HUBBEL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:12CV1579 CDP |
| | ) |
| PATRISH LLC, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before me on petitioner's motion for a temporary injunction under § 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j).  Petitioner moves to limit the evidence of its likelihood of success on the merits to the administrative record.  In cases such as this, the Eighth Circuit Court of Appeals directs me to apply the preliminary injunction factors set out in Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109 (8th Cir. 1981), to decide if injunctive relief should issue.  Osthus v. Whitesell Corp.,639 F.3d 841, 844-45 (8th Cir. 2011) (citing Sharp v. Parents in Community Action, Inc., 172 F.3d 1034, 1038-39 (8th Cir. 1999)).  Likelihood of success on the merits is but one of the factors.  "The purpose of this inquiry into the merits is not to second guess the Board's decision to commence enforcement proceedings . . . [but] because the

need for the court to act is, at least, in part, a function of the validity of the applicant's claim." Sharp, 172 F.3d at 1039.

Respondent opposes the motion and wants to challenge the testimony and evidence from the administrative hearing. Yet any new evidence and arguments would not be relevant to whether petitioner will ultimately succeed on the merits of his claims, which necessarily can only be determined by examining the evidence actually before the Board – i.e., the administrative record. However, to the extent such evidence is relevant to one of the other factors I must consider when determining whether injunctive relief should issue, respondent remains free to present that evidence to me by documents, affidavits, or live testimony at the hearing of this matter.[1]

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to limit evidence [#2] is granted as set out above.

**IT IS FURTHER ORDERED** that the Court will hear oral argument and any

---

[1] Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008), does not support respondent's argument because the United States Supreme Court did "not address the lower courts' holding that plaintiffs have also established a likelihood of success on the merits." Instead, that case discussed the irreparable injury, public interest, and balance of harms factors. See id. at 22-31. As I have stated, however, respondent may present evidence outside the administrative record on these factors.

evidence the parties wish to submit on **Friday, October 12, 2012 at 10:30 a.m.** in Courtroom 14-South.

                                                          _____
                                                          CATHERINE D. PERRY
                                                          UNITED STATES DISTRICT JUDGE

Dated this 28th day of September, 2012.